IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

REO COVINGTON,

                          Plaintiff,                    OPINION AND ORDER

        v.
                                                        16-cv-217-wmc

WISCONSIN DEPARTMENT OF CORRECTIONS, et al.,

                          Defendants.

    In his proposed civil complaint, *pro se* plaintiff Reo Covington contends that prison staff at the Oshkosh and Racine Correctional Institutions violated his rights under the U.S. Constitution, federal statutes and state law.  He has also submitted multiple requests for preliminary injunctive relief (dkts. ##8, 13, and 18), and two motions for assistance in recruiting counsel.  (Dkts. ##2, 9).  Having been granted leave to proceed *in forma pauperis* and made an initial partial payment of the filing fee, the next step would normally be for the court to screen Covington's complaint as required by 28 U.S.C. § 1915A.[1]   The court cannot conduct the required screening, however, because Covington's amended complaint violates Rule 20 of the Federal Rules of Civil Procedure.

    Rule 20 prohibits litigants from bringing unrelated claims against different defendants in a single action.  As explained in more detail below, Covington's complaint contains at least three, unrelated claims against different defendants.  Accordingly, Covington must choose which lawsuit he wishes to pursue as Case No. 16-cv-217.

---

[1] For purposes of this opinion, plaintiff's later-filed proposed amended complaint will be considered the operative pleading.  (Dkt. #10.)

1

Once Covington has made his selection, the court will then screen that claim under 28 U.S.C. § 1915A.  The other, unrelated claims will be dismissed without prejudice to bringing them in separate lawsuits, provided the applicable statute of limitations has not expired.  As for Covington's other pending motions, his requests for injunctive relief and for assistance in recruiting counsel will be denied for the reasons explained below.

## OVERVIEW OF ALLEGATIONS[2]

While incarcerated at Racine Correctional Institution ("RCI"), Covington alleges that he was given a program review hearing regarding his placement, program needs, and eligibility for Wisconsin's Early Release Program ("ERP").  The program review committee rejected Covington's request to be enrolled in the ERP on the ground that his mental illnesses made him ineligible.  Instead, they transferred him to Oshkosh Correctional Institution ("OCI") to participate in alcohol and drug abuse programming.

While incarcerated at OCI, Covington alleges that he was subjected to a sexual assault by a prison doctor, harsh conditions of confinement in observation, denial of adequate treatment for his mental health needs and violation of his right to practice his religion.

---

[2] In addressing any pro se litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).  For purposes of this opinion, the court assumes the facts above based on the allegations in Covington's amended complaint.  Because the court is not undertaking a full screening, it need not recite the detailed allegations of Covington's complaint at this time.  After Covington identifies which lawsuit he intends to pursue under this case number, the court will conduct a thorough screening of Covington's allegations and claims.

OPINION

## I.    Rule 20.

Fed. R. Civ. P. 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit.  Multiple defendants may not be joined in a single action unless the plaintiff:  (1) asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences; and (2) presents questions of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Covington's complaint includes at least three claims against different sets of defendants, ranging from his allegations about the program review hearing to sexual assault to denial of mental healthcare.

Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against defendants in a single suit, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20.  *See Intercon Research Assn., Ltd. v. Dresser Ind., Inc.*, 696 F.2d 53, 57 (7th Cir. 1983).  As a result, the core set of allowable defendants must be determined under Rule 20 before a plaintiff may join additional unrelated claims against one or more of those same defendants under Rule 18.  Fed. R. Civ. P. 18(a).

Applying Rules 18 and 20 to Covington's complaint, his allegations may be grouped into three possible, separate lawsuits consisting of the following claims:

> **Lawsuit #1:** Covington's claims that his rights under the ADA and Rehabilitation Act were violated at RCI when he was denied access to the Early Release Program.

> **Lawsuit #2:** Covington's claims that he was sexually assaulted by defendant Tannen at OCI.

3

**Lawsuit #3:** Covington's claims that he was denied adequate mental health treatment at OCI and was instead placed in observation and subjected to harsh conditions of confinement, including a cold cell with no blankets.[3]

Although Covington suggests in his complaint that all of his claims are connected because everything that happened after his transfer to OCI would not have occurred but for the denial of his request to be placed in the ERP, that "connection" is too tenuous to satisfy Rule 20 because there are no overlapping questions of law or fact between these claims. Fed. R. Civ. P. 20 (joinder of defendants permissible only if there is a "question of law or fact common to all defendants"). Besides chronology, the events that allegedly occurred at OCI after his transfer are unrelated to the transfer itself. In particular, Covington has not alleged that the defendants involved in the decision to deny him eligibility for ERP and transfer him to OCI had any reason to suspect that he would suffer a myriad of injuries after his transfer. Thus, even if Covington were to prevail on his claim that he was wrongly denied eligibility for ERP, damages caused by any subsequent events at OCI would be far too attenuated to be awarded as part of that claim. *See, e.g. Miller v. Turner*, 26 F. App'x 560, 563 (7th Cir. 2001) (prison officials involved in transfer not liable for injuries occurring after transfer where there was no evidence officials were aware of "specific, impending, and substantial threat" to inmate's safety) (citing *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) (prison officials not liable for harm under constitution unless they were "subjectively aware" of the specific risk and did nothing)).

---

[3] Depending upon whether there is an overlap in the named defendants, this lawsuit may or may not include Covington's claims that he was prohibited from engaging in a religious fast while in observation.

Indeed, the claims in each of Covington's three possible lawsuits (as outlined above) involve distinct incidents that occurred at different times and places, and also involved different individual defendants.   Moreover, Covington has alleged no facts to support a conclusion that the individual defendants were involved in the same transaction, occurrence, or series of transactions.   For reasons discussed above, Covington's allegations of fact actually lead to just the opposite conclusion.

Thus, Rule 20 prohibits Covington from proceeding with all of his claims in the same lawsuit.   Covington will have to choose which of these distinct claims he wants to pursue in this lawsuit.   The court will then assign that lawsuit to this case number and apply the initial, partial payment Covington has already made.

Of course, Covington may choose to pursue his other claims as well, but must do so separately, paying a separate filing fee for each additional lawsuit he chooses to pursue.   In addition, Covington may be subject to a separate "strike" under 28 U.S.C. § 1915(g) for any such lawsuit that is dismissed for failure to state a claim upon which relief may be granted.[4]

Alternatively, Covington may choose to dismiss one or more of his other possible lawsuits.   If he chooses this route, he will owe no additional filing fee or face a strike for those lawsuits.   A lawsuit dismissed voluntarily would also be dismissed without prejudice, so Covington would be able to bring it at another time, so long as he files it before any applicable statute of limitations has run.

---

[4] Once a prisoner receives three strikes, he is not able to proceed in new lawsuits without first paying the full filing fee, except in very narrow circumstances.  28 U.S.C. § 1915(g).

Because it is not clear at this time which of his separate lawsuits Covington will pursue, he should be aware that the court has not assessed the merits of any claims raised in any of the lawsuits outlined above. Once Covington identifies the suit or suits he wants to continue to litigate, the court will screen those claims as required under 28 U.S.C. § 1915A.

Because Covington faces filing fees and potential strikes for each lawsuit pursued, he should obviously consider carefully the merits and relative importance of each of his potential lawsuits before responding to the court on how he chooses to proceed with respect to some or all of them. If Covington disagrees with the way the court has grouped his claims -- or if he believes the court has left out claims he intended to assert or included claims he did not intend to assert -- he may also raise those objections in his response, provided he still complies with this order and chooses which of the three lawsuits he chooses to pursue. If he fails to do the latter, the court will have no choice but to dismiss *all* of his claims for failure to prosecute the case.

## II.    Covington's Motions for Preliminary Injunctive Relief.

In each of Covington's three motions for preliminary injunctive relief, he seeks to be moved out of OCI and into a "safer" institution. (Dkts. ##8, 13, and 18). In support, Covington alleges that various prison staff are retaliating against him and that he is being placed on suicide observation without sufficient justification. Additionally, Covington alleges that he suffers from post-traumatic stress and flashbacks to a sexual assault every time he is brought to the health service unit or is scheduled for an appointment with medical providers who were previously involved in assigning him to observation status.

Although the court is sympathetic to Covington's mental distress, the court must deny his requests for preliminary injunctive relief at this time. *First*, Covington's motions are procedurally defective because they fail to comply with this court's procedure for obtaining preliminary injunctive relief, a copy of which will be provided to him with this order. Under these procedures, a plaintiff must file and serve proposed findings of fact that support his claims, along with any evidence that supports those proposed findings. Covington has neither submitted proposed findings of fact nor any evidence to support those findings.

*Second*, even if Covington's motions were not facially flawed, the court would deny them on the merits at this time. To prevail on a motion for a preliminary injunction, Covington must show: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted. *See Lambert v. Buss*, 498 F.3d 446, 451 (7th Cir. 2007). Because Covington's complaint violates Rule 20, it remains unclear if any of Covington's claims will be allowed to proceed. Even assuming Covington chooses to proceed on claims related to his situation at OCI, Covington has yet to show a likelihood of success on the merits of those claims.

In order to show a likelihood of success on the merits, Covington would need to submit actual evidence in support his claims, including more detailed information about the alleged harm he has suffered and why he believes defendants are responsible. In their current form, Covington's submissions fall far short of the showing the necessity that he

receive the extraordinary relief he seeks.   Accordingly, he is not entitled to injunctive relief.

## III.   Covington's Motions for Assistance in Recruiting Counsel.

In his two motions for assistance in recruiting counsel, Covington contends that he needs counsel because he (1) cannot afford an attorney, (2) suffers from mental illness, and (3) has limited access to legal materials.  (Dkts. ##2, 9).  These motions will be denied as premature at this time for two reasons.

*First*, before the court will consider a request for assistance, it must first find that the plaintiff has made reasonable efforts to find a lawyer on his own and was unsuccessful or was prevented from making such efforts.  *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992).  To prove that he has made reasonable efforts to find a lawyer, plaintiff must give the court letters from at least three lawyers who denied plaintiff's request for representation in this case.  Alternatively, if the lawyers plaintiff writes do not respond after 30 days, plaintiff may explain the efforts he took to obtain a lawyer in a declaration sworn under penalty of perjury.  28 U.S.C. § 1746.  At minimum, plaintiff should include the date he sent the letters and a copy of the letters themselves.  Covington has not yet complied with this prerequisite.

*Second,* in determining whether to recruit counsel for a *pro se* litigant, the relevant question is whether the complexity of the case exceeds the plaintiff's ability to litigate it.  *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007).   Because the court has not yet screened Covington's complaint or determined whether he will be allowed to proceed on any claims, it is too soon to make that determination.   After the court has screened

Covington's complaint, and he has made reasonable attempts to find a lawyer on his own, Covington may renew his request for counsel.

ORDER

IT IS ORDERED that:

(1) Plaintiff Reo Covington's motions to amend and supplement his complaint (dkts. ##10, 17) are GRANTED.

(2) Plaintiff's motions for preliminary injunctive relief (dkts. ##8, 13, 18) are DENIED without prejudice.

(3) Plaintiff's motions for assistance recruiting counsel (dkts. ##2, 9) are DENIED without prejudice.

(4) Plaintiff may have until **October 11, 2016,** to identify for the court which of the numbered lawsuits identified above he wishes to proceed with under the number assigned to this case.  Plaintiff must pick one and only one of these lawsuits to proceed under Case No. 16-cv-217-wmc.

(5) Plaintiff may have until **October 11, 2016,** to advise the court whether he wishes to pursue either of the other lawsuits under separate case numbers.  Any lawsuit not specifically identified to proceed will be deemed voluntarily withdrawn.

(6) If plaintiff fails to respond to this order in any way by **October 18, 2016,** the court will enter an order dismissing the lawsuit as it presently exists without prejudice for his failure to prosecute.

Entered this 26th day of September, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge